IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-00154-EWN-CBS

ERNESTO VIGIL,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER,

      Defendant.

_____

# ORDER
_____

Magistrate Judge Craig B. Shaffer

The matter before the court is "Plaintiff's Motion to Declare that this Court Retains Jurisdiction to Grant Plaintiff Relief from the Protective Order Concerning Designation of Certain Discovery Materials as 'Confidential Information' and to Require Parties to Discuss the Propriety of Defendant's Confidential Designations" [#90] filed on July 27, 2005.   Defendant filed its Response [#96], on August 16, 2005.

The court has reviewed the Plaintiff's Motion, the Response, the exhibits, the entire case file, and the applicable law and is sufficiently advised in the premises.  For the reasons discussed below, it is ordered that "Plaintiff's Motion to Declare that this Court Retains Jurisdiction to Grant Plaintiff Relief from the Protective Order Concerning Designation of Certain Discovery Materials as 'Confidential Information' and to Require Parties to Discuss the Propriety of Defendant's Confidential Designations" [#90] is granted.

I.      **Background.**

Instituted on January 24, 2003, this suit was originally brought on behalf of three individuals who alleged that the Denver Police Department's criminal intelligence gathering activities abridged their First Amendment rights. Normando Pacheco represented the Plaintiffs. Several months after filing suit, two of the Plaintiffs accepted the Defendant's **FED. R. CIV. P. 68** offers of judgment, leaving Ernesto Vigil the sole remaining Plaintiff.

Plaintiff was the subject of intelligence files, or "spy files," compiled by the Defendant's Denver Police Department ("Department") from the late 1960s through March 2000. The Department opened these files after a March 17, 1973, gun fight involving Mr. Vigil and the Department. Following this incident, Plaintiff became suspicious that the Department was conducting surveillance on him, and asserts that this suspicion "chilled" his First Amendment rights. In discovery responses, Plaintiff asserts numerous instances of his speech being chilled by the Department's maintenance of spy files.

On September 30, 2004, the Court issued its "Order and Memorandum of Decision" in which it granted Defendant's Motion for Summary Judgment [#42] against Plaintiff. The Court concluded that Plaintiff provided no evidence that his free speech was chilled after the statute of limitation ran. The Court also rejected Plaintiff's argument that his claim was not barred by the statute of limitations because he was not aware of the full nature and extent of the spy files until September 2, 2002. The Court reasoned that "the alleged constitutional injury is the chilling effect from Department's

2

spy files, not Defendant's later confirmation of the existence of these files." Finally, the Court rejected Plaintiff's argument that Defendant concealed or destroyed evidence of its wrongdoing. The Court reasoned that because Plaintiff alleges his speech was chilled as far back as the 1970s, Plaintiff could not have been ignorant of his cause of action as a result of Defendant's concealment of certain evidence. On September 30, 2004, Final Judgment was issued in favor of Defendant, dismissing all of Plaintiff's claims with prejudice.

On June 25, 2003, the Court held a scheduling conference at which time both parties appeared through counsel. At the conference, the parties submitted for the Court's approval a fully executed Stipulation and Protective Order which authorized either party to designate material exchanged in the discovery process as confidential. The Court approved the Stipulation and Protective Order on the same date. The Stipulation and Protective Order was entered into with the knowledge and consent of the Plaintiff. Attorney Pacheco unequivocally stated that Plaintiff never instructed him not to enter the discovery protective order. Further, Attorney Pacheco provided Plaintiff with a copy of the protective order prior to his withdrawal as a counsel of record.

The Protective Order provides in relevant part: "A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made." **Stip & Prot. Order, p.4 ¶ 10.** Plaintiff Vigil failed to object timely by written notice or to identify information to which he objected. Yet, on December 14, 2004, more than a month after entry of a Final Judgment, Plaintiff filed a

3

"Motion for Relief from Protective Order Concerning Designation of Certain Discovery Materials as 'Confidential Information.'" Vigil claimed that much of the information produced by Defendant in discovery does not meet the definition of "Confidential Information" found in the Protective Order.  Plaintiff further argued that disclosure of a significant portion of the materials that the Defendants have designated at "Confidential Information" would be of significant benefit to the public's interest.  On February 7, 2005, this Court issued an Order denying "Plaintiff's Motion for Relief from Protective Order Concerning Designation of Certain Discovery Materials as 'Confidential Information.'"

Approximately one year after the Court entered the Stipulation and Protective Order in this case, it approved an order in another lawsuit stemming from the Denver Police Department's criminal intelligence gathering activities.  On June 29, 2004, the Court in Civil Action No. 02-cv-00740-EWN-CBS approved the transfer of the police department's purged criminal intelligence files to the Denver Public Library.  This material is being archived by the Denver Public Library archivists, and a portion of it will be made available for public inspection and study when the archival process is completed.  Thus, the Denver Police Department no longer has physical or legal custody of the documents Plaintiff seeks.

Despite these more recent developments and this Court's prior denial of Plaintiff's request for relief from the Protective Order, Plaintiff now moves this Court "to declare that this Court retains jurisdiction to grant him relief from the protective order for the limited purpose of challenging the Defendant's designation of certain discovery

4

materials." **Pl.'s Mtn., p.1.**  Defendant argues in response that Plaintiff is recycling his

prior arguments and seeks– for the second time– relief from the Protective Order into

which Plaintiff voluntarily and knowingly entered.

II.     **Analysis.**

A.      **Jurisdiction.**

This Court maintains jurisdiction, including periods after judgment, to modify a

prior protective order, particularly when the specific terms of the order so allow.  The

Court has the inherent power and retains jurisdiction to modify its June 26, 2003,

Stipulation and Protective Order pursuant to its terms:

> "The termination of this action shall not relieve counsel or other persons
> obligated hereunder from their responsibility to maintain the confidentiality
> of Confidential Information pursuant to this Protective Order, and the
> Court **shall retain continuing jurisdiction to enforce the terms of this
> Protective Order, even after this action is terminated."   Stipulation &
> Protective Order, p.5, ¶ 12.**

Indeed,  courts and commentators seem unanimous in finding such an inherent

power to modify discovery-related protective orders, even after judgment, when

circumstances justify.  *Public Citizen v. Liggett Group, Inc*. 858 F.2d 775, *781 -783

(1st Cir. 1988) (citing *E.g., Ex Parte Uppercu*, 239 U.S. 435, 440, 36 S.Ct. 140, 141, 60

L.Ed. 368 (1915); *FDIC v. Ernst & Ernst*, 677 F.2d 230 232 (2d Cir.1982); *Krause v.

Rhodes*, 671 F.2d 212 (6th Cir.), *cert. denied,* 459 U.S. 823, 103 S.Ct. 54, 74 L.Ed.2d

59 (1982); *United States v. GAF Corp.,* 596 F.2d 10, 16 (2d Cir.1979); *American Tel.

& Tel. Co. v. Grady,* 594 F.2d 594, 596-97 (7th Cir.1978), *cert. denied,* 440 U.S. 971,

99 S.Ct. 1533, 59 L.Ed.2d 787 (1979); *Olympic Refining Co. v. Carter,* 332 F.2d 260,

5

265-66 (9th Cir.), *cert. denied,* 379 U.S. 900, 85 S.Ct. 186, 13 L.Ed.2d 175 (1964);

Marcus, ***Myth and Reality in Protective Order Litigation,*** 69 Cornell L.Rev. 1, 41-53

(1983); Note, *783 **Nonparty Access to Discovery Materials in Federal Court,*** 94

Harv.L.Rev. 1085, 1091-96 (1981)).

Because the protective order is still in effect, this Court retains jurisdiction and

the power to make post-judgment modifications to the protective order in light of

changed circumstances.

**B.     Relief from Protective Order.**

Having established that this court retains jurisdiction to enforce – and potentially

to modify– the Protective Order, Plaintiff now may file a motion for relief from the

Stipulation and Protective Order in order for the Court to address Plaintiff's underlying

concerns regarding the confidentially of certain documents.  However, the Court

reminds Plaintiff that he is instructed under **D.C.COLO.LCivR 7.1A** to confer with

defense counsel prior to filing such motion.  Parties should determine if certain

documents requested by Plaintiff could be redacted and reviewed by Plaintiff without

intervention of the Court.  If the parties are unable to resolve this matter, Plaintiff may

thereafter file a motion.  However, Plaintiff must included the following in that motion:

1.     Documentation of his attempt to resolve this dispute with defense counsel

       pursuant to **D.C.COLO.LCivR 7.1A**;

2.     A list of specific documents Plaintiff wishes to review that are presently

       under seal, marked confidential, and the subject of the June 26, 2003,

       Stipulation and Protective Order; and

6

3.    A chronology of relevant events including, *inter alia*, when Plaintiff

became aware the documents at issue were confidential.

Further, Plaintiff is also instructed to review carefully this Court's findings and

conclusions in **American Friends Serv. Comm.,** 2004 U.S. Dist. LEXIS 18474, at  (D.

Colo. Feb. 19, 2004) prior to filing any motion.

Accordingly,

**IT IS ORDERED** that "Plaintiff's Motion to Declare that this Court Retains

Jurisdiction to Grant Plaintiff Relief from the Protective Order Concerning Designation

of Certain Discovery Materials as 'Confidential Information' and to Require Parties to

Discuss the Propriety of Defendant's Confidential Designations" [#90], filed on July 27,

2005, **IS GRANTED** to the extent Plaintiff seeks a declaration from this Court that it

retains jurisdiction to grant relief from the June 26, 2003, Protective Order.

The Court **FINDS AND CONCLUDES** that this court retains jurisdiction to

enforce the terms of the Protective Order and to make any necessary and appropriate

modifications thereto.

**DATED** at Denver, Colorado, this 5th day of October 2005.


BY THE COURT:


s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

7